STATE OF NORTH CAROLINA v. WILLIAM J. MOSS

No. 725SC290

(Filed 24 May 1972)

**Criminal Law § 118— expression of opinion — instructions on contention of the State**

> In a prosecution for assault with a deadly weapon with intent to kill inflicting serious injury not resulting in death, the trial court did not express an opinion on the evidence in stating the State's contention that defendant's statement to a witness constituted an admission of guilt of assault on a female at least, although the court's instruction should have been more clearly identified as a contention of the State.

CERTIORARI to review judgment of *Parker, Judge,* 19 July 1971 Session of Superior Court held in NEW HANOVER County.

Defendant was tried under a bill of indictment charging him with assaulting his wife with a deadly weapon, "to wit: Knife, mop handle, coca-cola bottle, & fists" with intent to kill, inflicting serious injury not resulting in death.

The State's evidence tended to show that on Friday, 4 June 1971, defendant came home from work drinking 100 proof vodka. That evening he slapped his wife several times but did not injure her. On Saturday he continued to drink liquor and also some wine. During the course of that day and night defendant struck his wife in the head several times with a coca-cola bottle and beat her repeatedly with his fists. On Sunday defendant continued to drink and assault his wife. She recalled that on Monday he struck her with a hammer, ashtray, broom and mop handle. In addition, defendant cut through his wife's ear with a knife and jabbed her about the legs and thighs and other parts of her body. While she was in bed and helpless because of her injuries, defendant stuck a lighted cigarette to her face causing a blister.

On Monday evening, 7 July 1971, defendant's wife was carried to the hospital in an unconscious condition. She remained there for 15 days and received treatment for a broken rib, a broken nose, a broken jaw and various other injuries.

Shortly after Mrs. Moss was removed to the hospital, a Wilmington police officer went to the Moss home. There he found a broken mop handle, a broken broom handle, a hammer,

an ashtray, and a broken coca-cola bottle. He testified that various of the items had blood on them and he noticed blood on the sheets and mattress of the bed and in other parts of the home.

Defendant did not testify or offer other evidence.

The jury returned a verdict of guilty and judgment was entered imposing an active prison sentence for a term of not less than nine nor more than ten years.

*Attorney General Morgan by Assistant Attorney General Webb for the State.*

*Herbert P. Scott for defendant appellant.*

GRAHAM, Judge.

Defendant's only assignment of error encompasses exceptions to the following statements contained in the court's charge to the jury.

> "He admitted to the witness Howard that he beat his wife and that constitutes an assault as the State says and contends an intentional offer by force or violence to do a hurt or an injury and that Mrs. Moss is a female person.
>
> Therefore he is guilty of an assault on a female."

The above statements were made by the court in summarizing for the jury the contentions of the State.

The witness Howard testified that he and defendant drank whiskey and beer together at a bar on Sunday night, June 6. Defendant told Howard that he had "beat his wife up" and was sorry. Howard went with defendant to the Moss home where they continued to drink and while there Howard observed defendant strike his wife with his fists several times and knock her to the floor.

The State undoubtedly contended that Moss's statement to Howard constituted an admission of guilt of assault on a female at least. It was not improper for the court to summarize this contention in its charge. While the statements should have been more clearly identified as contentions of the State, we are of the opinion that, when considered in context, the statements

leave no reasonable cause to believe that the jury was misled into thinking the court was stating its opinion.

We have reviewed the entire record and find that defendant was afforded a fair trial, free from prejudicial error.

No error.

Judges MORRIS and VAUGHN concur.